IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTON PLAZA PROPERTIES, LLC, and WALTON PLAZA INVESTORS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 119-117 |
| GH WALTON WAY, LLC, d/b/a Gold's Gym, et al., | ) ) ) | |
| Defendants. | ) ) | |

**O R D E R**

The parties filed a Rule 26(f) Report containing a request to stay discovery, (doc. no. 13, ¶¶ 4, 5), pending Defendants GGWW LLC, Augusta Fitness, LLC, GG Evans, LLC, North Augusta Fitness, LLC, and Shaun Smith's ("Moving Defendants") Motion to Dismiss, (doc. no. 4).[1] For the reasons set forth below, the Court **GRANTS** the request for a stay.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

---
[1]The Court also notes Plaintiffs filed a motion to amend complaint and resolution of that motion is also pending. (Doc. no. 10.)

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the Moving Defendants' Motion to Dismiss, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, some of the claims may be resolved or dismissed, some Defendants may be dismissed, and the scope of discovery may be drastically limited. Moreover, Plaintiffs and the Defendants who have been served join in the request to stay discovery.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the pending motions. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*). Thus, the Court **STAYS** discovery in this action pending resolution by the presiding District Judge of the Moving Defendants' Motion to Dismiss. Should any portion of the case remain after resolution of the motions, the parties shall confer and submit a second joint Rule 26(f) Report, with proposed case deadlines, within seven days of the District Judge's ruling.

SO ORDERED this 8th day of October, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA