IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WALTON PLAZA PROPERTIES, LLC and WALTON PLAZA INVESTORS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>GH WALTON WAY, LLC d/b/a GOLD'S GYM; et al.<br><br>    Defendants. | Case No. 1:19-cv-00117-JRH-BKE |

**DEFENDANT RICHARD SIMEONE'S MOTION**
**<u>TO DISMISS PLAINTIFFS' COMPLAINT</u>**

Defendant Richard Simeone ("Simeone") moves this Court to dismiss this action because:

- The Court lacks personal jurisdiction over this Defendant due to Plaintiffs' failure to serve the summons and complaint within 90 days after the filing of the notice of removal, as required by Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 81(c)(1), and Fed. R. Civ. P. 12(B)(2), (5); and

- Plaintiffs' Complaint does not contain a short, plain statement of claims, fails to plead fraud with specificity and fails to state a claim against this Defendant upon which relief may be granted as required by Fed. R. Civ. P. 8, Fed. R. Civ. P. 9, and Fed. R. Civ. P. 12(b)(6).

As shown more fully in the Memorandum of Law in Support of this Motion contained hereinbelow, Defendant Simeone respectfully request that his Motion to Dismiss be granted in full and that the Plaintiffs' Complaint against him be dismissed.

Respectfully submitted this 6th day of January, 2020.

**s/Ken Crowder, Esq**.
Georgia Bar No. 123985
Local Counsel for *Defendant Richard Simeone*
Crowder Stewart LLP
PO Box 160
Augusta, GA 30903
Telephone: (706) 434-8545
Email: ken@crowderstewart.com

**s/ J. Bertram Levy, Esq.**
Georgia Bar No. 449609
*(pro hac vice application to be filed)*
*Attorneys for Defendant Richard Simeone*
2060 Mount Paran Road, NW
FINE AND BLOCK
Suite 106
Atlanta, Georgia 30327
Telephone (404) 261-6800
Email: blevy@fineandblock.com

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

I.  **INTRODUCTION**

This is a commercial landlord tenant matter.  Defendant Richard Simeone was not the tenant nor was he the guarantor of the lease, yet Plaintiffs named him in their shotgun pleading anyway.  This Court has not issued any process against him nor has there been service in accordance with the Federal Rules of Procedure.  The Court lacks personal jurisdiction over Defendant Simeone and he should be dismissed without prejudice from the suit without consideration of the allegations against him.  Should the Court find personal jurisdiction and consider the allegations against him, however, the Court would find that Plaintiffs have not met applicable pleading standards and have no basis for recovery against Simeone.  Thus, the claims against Defendant Simeone should be dismissed.

   A.   **Procedural Posture**

Walton Plaza Properties, LLC and Walton Plaza Investors, LLC ("Plaintiffs") filed their Complaint in the Superior Court for Richmond County, Georgia on June 17, 2019, <u>Compl.</u> [Doc. 1-1], Pg. 1.  Defendants GGWW LLC, Augusta Fitness, LLC, GG Evans, LLC, North Augusta Fitness, LLC, and Shaun Smith (collectively the "Removing Defendants") acknowledged service and removed this action on August 2, 2019 Notice of Removal [Doc. 1], ¶. 6.  Removing Defendants moved to dismiss the Complaint against them on August 9,

2019. [Doc. 4] Plaintiffs responded and moved for leave to amend their Complaint on September 6, 2019. [Doc. 10] Discovery is stayed while both motions are pending. [Doc. 14]

Plaintiffs had not served Defendants GH Walton Way, LLC or Defendant Simeone prior to the removal but announced in October of 2019 that they expected to make service before the end of the month. Report of Rule 26(f) Planning Meeting ("Rule 26(f) Report") [Doc. 13], ¶ 3. Nevertheless, this Court has not issued process nor does any proof of service appear of record.

### B. Substantive Facts As Alleged by Plaintiff[1]

On October 25, 2010, Defendant GH Walton Way, LLC, ("GH") as Tenant, entered into a lease agreement ("Lease") with Equity One, Inc., as Landlord, to lease commercial space at the Walton Plaza Shopping Center ("Plaza"). [Compl. ¶ 9; Ex. A, Lease, pg. 1 [Doc. 1-1, pg. 15]. The Lease had no guarantor. Lease, ¶1.(A)(u). On August 30, 2011, Tenant and Original Landlord amended the Lease to change the Tenant's trade name from "Omni Fitness" to "Gold's Gym." Compl. ¶ 20; First Lease Amendment Agreement [Doc. 1-1, pg. 43]. On November 26, 2013, GH provided an estoppel certificate in which it certified to Readycap Commercial, LLC, a lender, that, among other things, that it was currently the

---

[1] The factual allegations from the Complaint are taken as true only for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court takes well-pleaded facts in the complaint as true for purposes of deciding a motion to dismiss)

lessee and that Walton Plaza Properties, LLC was the successor lessor. Compl. Ex. C, Tenant Estoppel Certificate, ¶1 [Doc. 1-1, pg. 45].

During Plaintiffs' purchase of the Plaza in 2013 and thereafter, they dealt with Defendant Shaun Smith in connection with the Gold's Gym at the Plaza. Compl. ¶22. Smith requested that Plaintiffs perform maintenance or repairs pursuant to Plaintiffs obligations as landlord. Compl. ¶27. Smith discussed renewing the Lease upon its expiration in April 2021. Compl. ¶29. Smith also attempted to secure financing "and other benefits related to Tenant improvements" to the Gold's Gym. Compl. ¶30. At some point in May of 2019, Shaun Smith "and/or some or all of the other Defendants" ceased operating a business in the space and began moving equipment and other assets from the Gold's Gym in the Plaza. Compl. ¶31-35. Plaintiffs did not receive the rent due for May 2019 or any late fees and filed suit the next month. Compl. ¶35.

The only factual allegations directed specifically against Defendant Simeone are, that he is, "upon information and belief, an officer or manager of Defendant GH, who executed" a Lease, the amendment to the Lease and the Tenant Estoppel Certificate. Compl. ¶8.

In Count I of the Complaint, Plaintiffs seek consequential, liquidated and all other lawful damages as well as attorney fees for breach of the Lease contract by Defendants Shaun Smith, GH Walton Way, LLC, GGWW, "and any other

Defendant for whom Defendant Smith acted as an agent with regard to the [Gold's] Gym space." Compl. ¶37.

Count II alleges that, if Smith "and /or some or all of the other Defendants, except for Defendant GH, are not affiliated with Defendant GH or otherwise bound by the Lease" then Smith, GGWW "and any other Defendant for whom Defendant Smith acted as an agent with regard to the [Gold's] Gym space" "knowingly and willfully misrepresented their authority to act on behalf of Defendant GH in order to induce Plaintiffs to provide "the protections and security provided by the Lease" including (a) performing required maintenance, (b) negotiating renewal of the Lease at its expiration, (c) negotiating financial assistance or incentives regarding Tenant Improvements, (d) not marketing the property to other tenants and (e) not negotiating or renegotiating the terms of the Lease "until the expiration of the Lease term was impending." Compl. ¶38. Plaintiffs allege that obtaining all of the benefits "while secretly maintaining a belief they were not bound by the Lease" amounted to willful misrepresentations and that the acts or omissions of Smith, GGWW "and any other Defendant for whom Defendant Smith acted as an agent with regard to the [Gold's] Gym space" constituted fraud and entitled Plaintiffs to unspecified damages. Compl. ¶39-41.

In Count III, Plaintiffs allege that Smith, GGWW "and any other Defendant for whom Defendant Smith acted as an agent with regard to the [Gold's] Gym

space" conveyed assets among one another "in an attempt to hinder, delay and/or defraud Plaintiffs." Compl. ¶42. Plaintiffs also allege that Smith fraudulently conveyed assets from the Gold's Gym at the Plaza to a Gold Gym's location on the Bobby Jones Expressway. Compl. ¶ 43.

Plaintiffs' remaining counts seek punitive damages against Smith "and /or some or all of the other Defendants, Compl. ¶ 45; legal fees under O.C.G.A. § 13-6-11 based on pre-suit conduct by "Defendants, or some of them," Compl. ¶ 47; and to impose liability vicariously on Smith to "the extent any of the corporate entities named above is held liable for any acts or omissions described herein." Compl. ¶ 54.

## II. ARGUMENT AND CITATION OF AUTHORITY

**A. The Court Lacks Personal Jurisdiction Over Simeone Because Plaintiffs Did Not Serve Simeone Within Ninety Days Of Removal and Should Dismiss Pursuant To Fed. R. Civ. P. 4(M), Fed. R. Civ. P. 81(C)(1), And Fed. R. Civ. P. 12(B)(2), (5).**

This Court has previously explained that it "only has jurisdiction over the named Defendants who have been properly served." *Finch v. Med. Coll. of Georgia,* No. CV 109-150, 2010 WL 739268, at *3 (S.D. Ga. Mar. 1, 2010) citing *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 919 (11th Cir.2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied*, No. 03–11580 (Table), 2004 WL 503604 (11th Cir. Mar.2, 2004). See generally*, Miss.*

*Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 90 L.Ed. 185 (1946)*(*service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.); *Ballew v. Roundpoint Mortg. Servicing Corp.*, 491 F. App'x 25, 26 (11th Cir. 2012)(per curiam)(district court properly considered personal jurisdiction without reaching other issues).

Plaintiff made no service prior to removal, therefore federal service of process standards apply.  28 U.S.C. § 1448. Under federal law, Plaintiffs had ninety days from the date of removal to serve any remaining defendants.   Fed. R. Civ. P. 4(m)(requiring service within ninety days after complaint filed); Fed. R. Civ. P. 81(c)(1)(federal rules of procedure apply to a civil action after removal from state court); *Lewis v. Nationstar Mortg., LLC,* No. 18-CV-04455-MHC-AJB, 2019 WL 5472917, at *4 (N.D. Ga. June 18, 2019), *report and recommendation adopted*, No. 1:18-CV-4455-MHC-AJB, 2019 WL 5460661 (N.D. Ga. July 23, 2019*), reconsideration denied*, No. 1:18-CV-4455-MHC-AJB, 2019 WL 5460662 (N.D. Ga. Aug. 2, 2019).

The plaintiff has the burden to prove the complaint has been properly served.  *Lewis,* supra, at *5.  Unless the defendant waives service, "proof of service must be made to the court." *Archie-Burch v. Solvern Innovations*, No. CV 110-093, 2011 WL 644198, at *1 (S.D. Ga. Jan. 20, 2011), *report and recommendation adopted*,

No. CV 110-093, 2011 WL 644160 (S.D. Ga. Feb. 11, 2011) citing Fed.R.Civ.P. 4(l). If a plaintiff does not make service by the deadline, the court "on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m)(emphasis added).

Good cause to extend the time to make service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)(alterations in original)(authorities omitted). When a plaintiff cannot show good cause, the Court considers "whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey,* 476 F.3d at 1282. *Cf. Horenkamp v. Van Winkle And Co*., 402 F.3d 1129, 1132 (11th Cir. 2005)(interpreting Fed. R. Civ. P. 4(m) as granting district courts discretion to extend time for service even in absence of good cause).

Plaintiffs have not met their burden to show proof of service or waiver by Defendant Simeone, nor have they given the Court any basis upon which to extend their time to make service under Fed. R. Civ. P. 4(m). *Archie-Burch, supra.* Plaintiffs did not serve Simeone in the forty-five days between the filing of their Complaint and the removal of this action on August 2, 2019. Upon removal,

Plaintiffs had until October 31, 2019, to make service under Rule 4(m). The Rule 26(f) Report shows that Plaintiffs knew, as of October 2, 2019, that they needed to serve Simeone, yet Plaintiffs did not file any proof of service by the deadline.

As of the filing of this Motion, an additional sixty-seven days will have passed after Plaintiff's October 31, 2019 deadline for service. During that time, Plaintiffs did not amend their Rule 26(f) Report to reflect the failure to make service or ask the Court to extend their time for service. There is no indication of record that Plaintiffs even had the clerk of this Court issue a summons for Simeone before the deadline for service passed on October 31, 2019.

These facts demonstrate the complete lack of good cause to extend the time for service and the lack of any other circumstances that could warrant an extension of time based on the facts of the case. *Lepone-Dempsey*, supra. Consequently, the Court should dismiss this action against Defendant Simeone due to the lack of service.

**B.  Plaintiffs' Complaint Does Not Contain A Short, Plain Statement Of Claims And Fails To State A Claim Against Defendant Simeone Upon Which Relief May Be Granted And Should Be Dismissed Pursuant To Fed. R. Civ. P. 8 And Fed. R. Civ. P. 12(B)(6).**

   **1.  Plaintiffs' Complaint does not contain a short and plain statement showing entitlement to relief against Defendant Simeone.**

Civil pleadings "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "'[D]etailed

factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. lqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). "[T]he-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal*, 556 U.S. at, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003). Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the complaint that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and ... determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S.Ct. 1937; *Edmonds v. Southwire Co.*, 58 F.Supp. 3d 1347 (NDGa. 2014).

As Removing Defendants note in their supporting brief, [Doc. 4,] pg. 6, when there are multiple defendants, "the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." *Ambrosia Coal & Const. Co. v.*

*Pages Morales,* 482 F.3d 1309, 1317 (11th Cir. 2007); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997). Asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" constitutes shotgun pleading which does meet federal pleading standards. *Lodge v. Brown,* No. CV 118-182, 2019 WL 4748053, at *2 (S.D. Ga. Sept. 27, 2019), *reconsideration denied*, No. CV 118-182, 2019 WL 6790780 (S.D. Ga. Dec. 11, 2019)(citing *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F. 3d 1313, 1322-24 (11th Cir. 2015))

This is particularly true where fraud is alleged, as the "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks,* 116 F.3d at 1381, (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). *See also*, Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

The only factual allegations directed specifically against Defendant Simeone are based on Plaintiffs' "information and belief" that he executed documents on behalf of GH an officer or manager of Defendant GH.[2] Compl. ¶8. Any other

---

[2] Given the marked difference in the handwriting, stated name and title on the documents, the allegation that Simeone executed the estoppel certificate is taken as

- 12 -

allegations against Simeone must be inferred. This is exactly the type of "generalized allegations 'lumping' multiple defendants together" found insufficient in *Ambrosia Coal & Const. Co., supra* and *Brooks, supra*. The Court should dismiss the claims under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6).

**2. Plaintiffs fail to state a plausible claim against Defendant Simeone because they seek to impose liability based solely on his status as an officer or manager of a limited liability company.**

Simeone cannot be held liable simply because he was a manager of a limited liability company. Members of a limited liability company are considered separate from the company. *Milk v. Total Pay and HR Solutions, Inc*., 280 Ga.App. 449, 634 S.E.2d 208 (2006). Under O.C.G.A. §14-11-303(a), members, managers, agents, or employees of a limited liability company liability cannot be held liable solely on such status:

> A person who is a member, manager, agent, or employee of a limited liability company is not liable, solely by reason of being a member, manager, agent, or employee of the limited liability company, under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company, including liabilities and obligations of the limited liability company to any member or assignee, *whether arising in contract, tort, or otherwise*, or

---

true only for the purposes of this motion-as with all other factual allegations. *Twombly*, supra.

> *for the acts or omissions of any other member, manager, agent, or employee of the limited liability company, whether arising in contract, tort, or otherwise.*

O.C.G.A. §14-11-303(a)(emphasis supplied); *Wright v. Scales 925 Atlanta, LLC*, 761 Fed. Appx. 884 (11th Cir. 2019)(*per curiam*)(owner of restaurant that operated as a limited liability company was shielded from personal liability for breach of contract and wage and overtime violations); *Hays v. Page Perry, LLC*, 627 Fed.Appx. 892, 2015 WL 5780998. (2015)(*per curiam*)(managers of law firm formed as limited liability company were not individually liable for alleged legal malpractice absent specific factual allegations that they should have been aware of other attorneys' tendency to commit malpractice, or that the managers participated in the allegedly negligent representation or that they managers supervised the alleged negligent attorneys); *Lokey v. F.D.I.C.*, 608 F. App'x 736, 738 (11th Cir. 2015)(*per curiam*)(member of limited liability company is not a proper party to a proceeding by or against a limited liability company simply because of status).

As the above statute and cases show, Simeone cannot be held liable because of his status, nor can he be held liable for the acts or omissions of any *"agent, or employee of the limited liability company, whether arising in contract, tort, or otherwise."* O.C.G.A. §14-11-303(a)(emphasis supplied). Thus, to the extent that Plaintiffs allege that Smith and the other Removing

Defendants were agents of GH, O.C.G.A. §14-11-303(a) precludes holding Simeone liable based on his status as manager of GH. The claims against Simeone must, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**3. Plaintiffs also fail to state a claim for breach of contract against Simeone because he was not a party to the contract.**

Plaintiffs' Complaint does not expressly allege that Simeone breached the Lease Agreement, but even if it did, it would fail to state a claim because Simeone was not a party to the Lease. The Complaint attached both the Lease and the Amended Lease. Each recites that the Tenant is GH. The Lease states that when the Tenant was not an individual, the signature of a person signing on behalf of the Tenant bound the Tenant. Lease ¶28(C), [Doc. 1-1, pg. 31]. The Lease and Amendment contain signature blocks containing the name of the limited liability company followed by the word "by" under which Simeone signed, printed his name as "Rich Simeone" and indicated his title as manager. Lease, pg. 20 [Doc. 1-1, pg. 34]; First Amendment, pg. 2 [Doc. 1-1, pg. 44].

Simeone's signature did not bind him personally to the contract. *Hill v. Daniel*, 52 Ga. App. 427, 183 S.E. 662, 664 (1936)(Corporate officer who signed bond with name of corporation followed by word "by" and his own name as secretary, was not personally liable as surety on bond). Simeone cannot breach a contract that did not bind him. *Primary Investments, LLC v. Wee Tender Care III, Inc.*, 323 Ga.App. 196, 746 S.E.2d 823 (2013)(Individual members of a limited

liability company did not violate a noncompetition clause in the company's asset purchase agreement that applied to the company and its agents because agreement did not refer to the members individually and the only member who signed did so in a representative capacity only).

In sum, Plaintiffs cannot hold Simeone liable for breaching the Lease because he was not a party to the Lease. Plaintiffs' claim for breach of contract against Simeone must be dismissed under Fed. R. Civ. P. 12(b)(6).

### 4. Plaintiffs remaining claims are improperly plead and fail to state a claim against Simeone.

Simeone incorporates the arguments made by the Removing Defendants with regards to the claims of fraud and fraudulent transfer at pages 10-14 of their Memorandum of Law In Support Of Motion To Dismiss, that:

- Plaintiffs have failed to plead fraud with the particularity necessary under the Federal rules;
- Plaintiffs failed to plead damages for fraud;
- Plaintiffs claim for fraudulent transfer fails because Plaintiffs fail to plead facts showing Defendants "with actual intent to hinder, delay, or defraud" Plaintiffs. *Kipperman v. Onex Corp.,* 411 B.R. 805, 829 (N.D. Ga. 2009);
- That Plaintiffs are not creditors of Simeone. O.C.G.A. § 18-2-71(4)(Defining "Creditor" as a person who has a claim, regardless of when the person

liability company did not violate a noncompetition clause in the company's asset purchase agreement that applied to the company and its agents because agreement did not refer to the members individually and the only member who signed did so in a representative capacity only).

In sum, Plaintiffs cannot hold Simeone liable for breaching the Lease because he was not a party to the Lease. Plaintiffs' claim for breach of contract against Simeone must be dismissed under Fed. R. Civ. P. 12(b)(6).

### 4. Plaintiffs remaining claims are improperly plead and fail to state a claim against Simeone.

Simeone incorporates the arguments made by the Removing Defendants with regards to the claims of fraud and fraudulent transfer at pages 10-14 of their Memorandum of Law In Support Of Motion To Dismiss, that:

- Plaintiffs have failed to plead fraud with the particularity necessary under the Federal rules;
- Plaintiffs failed to plead damages for fraud;
- Plaintiffs claim for fraudulent transfer fails because Plaintiffs fail to plead facts showing Defendants "with actual intent to hinder, delay, or defraud" Plaintiffs. *Kipperman v. Onex Corp.,* 411 B.R. 805, 829 (N.D. Ga. 2009);
- That Plaintiffs are not creditors of Simeone. O.C.G.A. § 18-2-71(4)(Defining "Creditor" as a person who has a claim, regardless of when the person

acquired the claim, together with any successors or assigns); O.C.G.A. § 18-2-71(3)(Defining "Claim" as a right to payment);" and

- That Simeone is not a debtor to Plaintiffs. *Cmty. & S. Bank v. Lovell*, 302 Ga. 375, 376, 807 S.E.2d 444, 446 (2017)(decided under former law)(Creditor cannot reach assets of corporation not indebted to judgment creditor's successor-in-interest)

**5. All of the remaining claims are derivative and fail in the absence of any surviving substantive claims.[3]**

Defendant Simeone adopts Removing Defendants' arguments at pages 14-15 of their Memorandum in Support that:

- Plaintiffs cannot recover punitive damages under a breach of contract claim. *Taylor v. Powertel, Inc.,* 250 Ga. App. 356, 356, 551 S.E.2d 765, 768 (2001);

- Plaintiffs' other claims will not support punitive damages as no compensatory damages will be awarded. *George v. Hercules Real Estate Servs., Inc*., 339 Ga. App. 843, 849, 795 S.E.2d 81, 87 (2016); and

- Any remaining claim is derivative of the underlying claims for which no recovery can be had against Simeone because they are all brought

---

[3] Count V only seeks to impose liability on Defendant Smith to the extent a corporate entity is held responsible.

on the basis of his status as manager of GH. O.C.G.A. §14-11-303(a)(emphasis supplied); See generally, *Wright, supra* (owner of restaurant that operated as a limited liability company was shielded from personal liability for breach of contract and wage and overtime violations); *Hays*, supra; *Oconee Fed. Sav. & Loan Ass'n v. Brown*, 351 Ga. App. 561, 576, 831 S.E.2d 222, 234 (2019)( no recovery under O.C.G.A. § 13–6–11 if primary claim fails)

## III. CONCLUSION

For all the above reasons, the Court must dismiss the claims against Simeone for lack of personal jurisdiction stemming from the failure to serve Simeone within ninety days of removal. Alternatively, the Court must dismiss for

failure to properly plead claims upon which the Plaintiffs can recovery against Simeone.

Respectfully submitted this 6th day of January, 2020.

**s/Ken Crowder, Esq**.
Georgia Bar No. _____
Local Counsel for *Defendant*
*Richard Simeone*
Crowder Stewart LLP
PO Box 160
Augusta, GA 30903
Telephone: (706) 434-8545
Email: ken@crowderstewart.com

**s/ J. Bertram Levy, Esq.**
Georgia Bar No. 449609
*(pro hac vice application to be filed)*
*Attorneys for Defendant Richard Simeone*
2060 Mount Paran Road, NW
FINE AND BLOCK
Suite 106
Atlanta, Georgia 30327
Telephone (404) 261-6800
Email: blevy@fineandblock.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

**s/Ken Crowder, Esq**.
Georgia Bar No. 123985
Local Counsel for *Defendant Richard Simeone*
Crowder Stewart LLP
PO Box 160
Augusta, GA 30903
Telephone: (706) 434-8545
Email: ken@crowderstewart.com

**s/ J. Bertram Levy, Esq.**
Georgia Bar No. 449609
*(pro hac vice application to be filed)*
*Attorneys for Defendant Richard Simeone*
2060 Mount Paran Road, NW
FINE AND BLOCK
Suite 106
Atlanta, Georgia 30327
Telephone (404) 261-6800
Email: blevy@fineandblock.com

4835-2307-7808, v. 2