IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WALTON PLAZA PROPERTIES, LLC and WALTON PLAZA INVESTORS, LLC, | |
| Plaintiff, | Case No. 1:19-cv-00117-JRH-BKE |
| v. | |
| GH WALTON WAY, LLC d/b/a GOLD'S GYM; et al. | |
| Defendants. | |

**DEFENDANT RICHARD SIMEONE'S REPLY TO PLAINTIFFS'
RESPONSIVE BRIEF IN OPPOSITION TO DEFENDANT SIMEONE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to LR 7.6, Defendant Richard Simeone ("Simeone") files this reply to Plaintiffs' Response to his motion to dismiss:

**I.    INTRODUCTION**

Plaintiffs, as successors to a landlord's interest in a commercial shopping center lease ("Lease"), filed suit against GH Walton Way, LLC ("GH Walton Way"), Simeone, and five other defendants ("Removing Defendants") who removed the case to this Court.   Simeone moved to dismiss the claims against him due to Plaintiffs' failure to serve process within ninety days of removal.   Plaintiffs concede service was untimely but claim good cause exists under Fed. R. Civ. P. 4(m) to excuse their failure because they relied on the representations of the

professional process server they hired.  [Doc. 24]. Alternatively, Plaintiffs ask the Court to exercise its discretion to extend their time for service because of the risk that "witness memories or evidence may degrade" if they were forced to start over. [Doc. 24, pg. 3].  As shown below, Plaintiffs' delay in attempting service and subsequent blind reliance on faulty assurances that service had been made do not establish good cause for untimely service nor justify the court's exercise of its discretion to retroactively extend Plaintiffs' time to serve Simeone.

Simeone also moved to dismiss the Complaint due to Plaintiffs' failure to make a  short, plain statement of claims, failure to plead fraud with specificity and failure to state a claim against Simeone upon which relief may be granted as required by  Fed. R. Civ. P. 8, Fed. R. Civ. P. 9, and Fed. R. Civ. P. 12(b)(6). Plaintiffs argue in response that they can meet all their pleading burdens if the evidence later establishes that Simeone knowingly signed a fraudulent estoppel letter.  As shown below, Plaintiffs cannot rely on future evidence to patch over their present pleading deficiencies.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Court Lacks Personal Jurisdiction Over Simeone Because Plaintiffs Did Not Serve Simeone Within Ninety Days Of Removal and Should Dismiss Pursuant To Fed. R. Civ. P. 4(M), Fed. R. Civ. P. 81(C)(1), And Fed. R. Civ. P. 12(B)(2), (5).

Because no service was made before the removal to this Court on August 2, 2019, Plaintiffs had until October 31, 2019, to make service.  28 U.S.C. § 1448

(federal service of process standards apply when service was not perfected before removed); Fed. R. Civ. P. 4(m)(requiring service within ninety days after complaint filed); Fed. R. Civ. P. 81(c)(1)(federal rules of procedure apply to a civil action after removal from state court).  It is undisputed that Plaintiffs did not serve Simeone before their deadline.

To avoid dismissal, Plaintiffs must demonstrate good cause for failing to meet the service deadline or convince the Court to extend the time for service even in the absence of good cause.  *Pullins v. BI-LO Holdings, LLC,* No. CV 215-162, 4, 2016 WL 7217279, at *2 (S.D. Ga. Dec. 12, 2016), (citing *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007), itself citing *Horenkamp v. Van Winkle & Co*., 402 F.3d 1129, 1132 (11th Cir. 2005)).

Courts narrowly construe good cause. "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey*, 476 F.3d at 1281 (alteration in original) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). As explained in *Pullins,* good cause under Fed. R. Civ. P. 4(m) is similar to the excusable neglect standard under Fed. R. Civ. P. 6(b)(1)(B) "which requires a showing of good faith and a reasonable basis for noncompliance with the time set forth in the rule." *Pullins*, CV 215-162, 4-5, 2016 WL 7217279 at *2 (authorities and quotations omitted). "While certain factors outside of a plaintiff's control

satisfy this standard, neither inadvertence of counsel nor unfamiliarity with the governing rules is one of them." Id.

### 1. Evidentiary basis for Plaintiffs' claim of good cause.

Plaintiffs claim good cause because they were, "[u]ntil January 8, 2020," "operating under the belief that service had been completed by an unspecified date in early November at the latest...." [Doc. 24, pg. 2.]   Plaintiffs found themselves laboring under this mistaken belief after the following events:

Plaintiffs Complaint, as filed on June 17, 2019, listed Simeone's residence as unknown.  [Doc. 1-1, ¶8].  The August 2, 2019 Notice of Removal described Simeone as a member of the Florida Bar with a Florida address but also suggested service in Colorado. [Doc. 1, ¶ 20].  Plaintiffs first contacted a process server on September 5, 2019, the day before they responded to the Removing Defendants separate motion to dismiss. [Doc. 24, pg. 2].

Plaintiffs knew that, as of October 2, 2019, the process server had not made service, but Plaintiffs told this Court that they expected to serve Simeone and Defendant GH Walton Way within two weeks. [Doc. 13, ¶13].  Nothing in the record shows that the Plaintiffs acted or refrained from action between October 2, and October 31, 2019.

On December 3, 2019, Plaintiffs' counsel belatedly asked Mr. Bill Null at a process service company about the status of service.  [Doc.  24-1, pg. 4].

Plaintiffs' counsel reminded Mr. Null of the phone conversation they had "a few weeks ago" in which he thought Mr. Null said service had been completed in Colorado. [Doc. 24-1, pg. 4]. Mr. Null did not address counsel's belief; instead Mr. Null apologized for the delay and promised to have an answer that day. Id.

Mr. Null did not respond that day. Despite knowing that his case was subject to dismissal, Plaintiffs' counsel waited until December 9, 2019, before contacting Mr. Null again. Id. There is no record of any response. More weeks passed before Plaintiffs' counsel asked yet again on December 30, 2019. [Doc. 24-1, pg. 3]. This time, someone named Rana Moses in New York responded, but only said the "documents were served" and promised to provide proof "as soon as possible." Id. Plaintiffs' counsel did not ask for additional details and did not follow up until he received Simeone's motion to dismiss on January 7, 2020 [Doc. 24-1, pg. 2].

Plaintiffs' counsel finally received proof of service on January 8, 2020, showing that Simeone had been served at the address stated in the Lease.[1] [Doc. 23; Doc. 24-1, pg. 2; Doc. 1-1, pg. 16]. He then sent a self-serving email demanding to know why service was not made until December 17, 2019, when he

---

[1] Assuming that the Return of Service ("Return") filed by the Plaintiffs [Doc. 23] is the return referenced in the email, it arguably still does not establish that process was actually served because the Return refers to service of "this summons (sic) and a copy of the complaint in Pitkin County Case Number 2019CCV00371" on Richard Simone (sic) on December 17, 2019." [Doc. 23] but this case was not removed from Pitkin County, Colorado. [Doc. 1].

had "been told *since November* that service was already complete."   [Doc. 24-1, pg. 1](emphasis supplied).   Moses replied that they had been told by "our agent it was completed in November.   However, we just received this Proof of Service stating otherwise."   Id.

### 2.   Mistaken reliance on the process server does not show good cause.

The Third Circuit rejected a similar claim of misplaced reliance on a process server in *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81 (3rd Cir. 1987).   Over two months before the deadline, Lovelace's counsel received a bill from a process server indicating that service had been made.   The attorney waited until the last day for service before writing to the process server to request proof of service.   He was told it would be forthcoming, but over a month later, he received a letter from the clerk of court advising that he had fifteen days to make service.   Service was made eight days after the clerk's deadline, and fifty-five days after the deadline set by Fed. R. Civ. P. 4.   *Lovelace*, 820 F.2d at 83.   When the defendant moved to dismiss, Lovelace claimed that he had been misled by the server's false representation that process had been served on time.   Id. The Third Circuit found that even though Lovelace believed service had been made, he had not been diligent because he knew that he did not have adequate proof of service, and he did not use any alternative means to make service or move for an extension under Fed.R.Civ.P. 6(b).   *Lovelace*, 820 F.2d at 84-85.

- 6 -

Plaintiffs here are in a weaker position than *Lovelace* as they were not lulled into complacency by a false report they received before their deadline.  Plaintiffs knew on October 2, 2019, twenty-nine days before their deadline, that they had not served Simeone or the remaining defendant.  Still, they did not seek an extension or attempt alternative means of service before October 31, 2019.  The process server gave no assurance of service until November. [Doc. 24, pg. 2; Doc. 24-1, pg. 1].  Even then, Plaintiffs knew they had no tangible proof of service, yet they waited even longer before asking for proof.  In sum, Plaintiffs have not shown that the delay in service stemmed from faulty advice nor can they show they acted diligently.

The *Lovelace* opinion is consistent with *Lepone-Dempsey's* progeny within the Eleventh Circuit. See e.g. *Hong-Diep Vu v. Phong Ho,* 756 Fed.Appx. 881, 882-883 (11th Cir. Nov. 26, 2018)(Plaintiff failed to demonstrate good cause due to lengthy delay after being notified of defective service); *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017)(Lawyer's oversight insufficient to establish good cause, therefore court must consider other circumstances); *Holmes v. Georgia*, No. 1:07-cv-202 (WLS), 2010 WL 11469662, at *6 (M.D. Ga. March 5, 2010)(Mistaken reliance on assertion of process server that service had been perfected and mistaken reliance on unsupported hearsay of unidentified person

who accepted service that she was authorized to accept service could not establish good cause).

Plaintiffs did not rely on bad information or advice.  They have not shown good cause to extend their time for service.  Cf.  *Jordan v. United States*, 694 F.2d 833, 835 (D.C. Cir. 1982)(bad advice and outside cause  of delayed service shown when deputy marshal delivered summons and complaint to the Attorney General rather than to the U.S. Attorney).

### 3.  No other circumstances warrant an extension of time based on the facts of the case.

When a plaintiff fails to meet its burden to show good cause, a court must still consider whether any other circumstances warrant an extension of time given the circumstances of the case.  *Lepone-Dempsey*, supra.  Once again, Plaintiffs fail to demonstrate any reason sufficient to retroactively extend their time for service.

Plaintiffs do not claim Simeone attempted to evade service or that they encountered difficulty. They do not contend that the statute of limitations has run on their claims.  Instead, Plaintiffs claim the generic risk that "witness memories or evidence may degrade" justifies a discretionary retroactive extension of the time for service because "the crucial events in this case took place in 2011 and 2013." [Doc. 24, pg. 3].

That argument fails because the risk of declining memories and potential evidence degradation caused by the passage of time demonstrates the prejudice to

Simeone of having to defend a claim years after his supposed involvement. Moreover, Plaintiffs have not made service or sought an extension of time to serve GH Walton Way, the one defendant that did sign the Lease. Given that Plaintiffs have not joined such a necessary party, the Court has no reason to exercise its discretion in favor of Plaintiffs.

**B.      Plaintiffs' Complaint Does Not Contain A Short, Plain Statement Of Claims And Fails To State A Claim Against Defendant Simeone Upon Which Relief May Be Granted And Should Be Dismissed Pursuant To Fed. R. Civ. P. 8 And Fed. R. Civ. P. 12(B)(6).**

As argued previously, if the Court finds it does have personal jurisdiction over Simeone, it should dismiss Plaintiffs' claims against him for failure to meet the pleading standards required by Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(B)(6) and Fed. R. Civ. P. 9(b)'s requirements to plead fraud.

**1.   Plaintiffs fail to state a claim for breach of contract against Simeone because he was not a party to the contract**.

Simeone sought dismissal under Fed. R. Civ. P. 12(b)(6) of Plaintiffs' claim of breach of contract because (a) the Complaint did not expressly allege that Simeone breached the Lease Agreement and (b) even if it did, the Lease and Amended Lease are attached as exhibits to the Complaint and affirmatively show Simeone was not a party to the Lease. [Doc. 15, pg. 15-16]. Plaintiffs did not respond to these arguments or even mention their breach of contract claim in their response. Pursuant to Local Rule 7.5, "failure to respond within the applicable

time period *shall* indicate there is no opposition to the motion." (emphasis supplied). Simeone respectfully requests that this portion of his motion be treated as unopposed. Plaintiffs' claim for breach of contract against Simeone must be dismissed under Fed. R. Civ. P. 12(b)(6). *Primary Investments, LLC v. Wee Tender Care III, Inc*., 323 Ga.App. 196, 746 S.E.2d 823 (2013)(Individual members of a limited liability company did not violate a noncompetition  clause in the company's asset purchase agreement that applied to the company and its agents because agreement did not refer to the members individually and the only member who signed did so in a representative capacity only).

### 2. Plaintiffs fail to state a claim for fraud.

Defendant Simeone also moved to dismiss Plaintiffs' claim for fraud under Fed.R.Civ.P. 8(a)(2)(failure to contain a short and plain statement of the claim showing that the pleader is entitled to relief); Fed. R. Civ. P. 9 (failure to plead with particularity) and Fed. R. Civ. P. 12(b)(6)(failure to state a claim for relief). *Ashcroft v. lqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

As previously argued, fraud has five elements under Georgia law: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the party alleging fraud to act or refrain from acting, (4) justifiable reliance by plaintiff, and

(5) damage to plaintiff.  *Chartis Ins. Co. of Canada v. Freeman,* No. CV 111-193, 2013 WL 12121864, at *7 (S.D. Ga. Mar. 18, 2013).  To meet Fed. R. Civ. P. 9(b) standards, litigants in the Eleventh Circuit must allege (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.  *Chartis Ins. Co. of Canada*, *supra*, 2013 WL 12121864 at *7; *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1381 (11th Cir. 1997)

Plaintiffs contend they meet their pleading burden regarding fraud  "if the evidence establishes  that GH Walton Way was not the entity operating in the Gym Space," because Plaintiffs "plainly allege" that Simeone signed the Estoppel Letter "with fraudulent intent, knowingly facilitating a purchase based on the proposition that the tenant bound by the Lease was operating a business on the property." [Doc. 24, pg. 4].  Simeone could not find those allegations in the Complaint.  [Doc. 1-1].  Plaintiffs' Proposed Amended Complaint adds allegations that Simeone signed the Tenant Estoppel Certificate "with the knowledge that [GH Walton Way] would not, in fact, be operating in the Gym Space" but promises as to future conduct will not generally support a claim for fraud unless made the defendant

- 11 -

knew at the time that he did not intend to honor them.  *Johnson v. Univ. Health Servs., Inc.*, 931 F. Supp. 1572, 1584 (S.D. Ga. 1996), aff'd, 161 F.3d 1334 (11th Cir. 1998).

In any event, Plaintiffs' Complaint and Proposed Amended Complaint still fail to show that Plaintiffs suffered damages as a result of any conduct attributable to Simeone in his personal or representative capacity.  Plaintiffs claim harm, not because of the Estoppel Letter, but because they provided the same "protections and security provided by the Lease" that they were obligated to provide to a business operating a Gold's Gym, such as:

- performing requested maintenance in accordance with Lease terms;

- negotiating toward renewal of the Lease after April 2021;

- negotiating toward requested Tenant improvements;

- negotiating for Plaintiffs to provide financial assistance or incentives with regard to Tenant improvements;

- refraining from marketing the property to other renters; and

- refraining from seeking to negotiate or re-negotiate the terms and conditions of the Lease until the expiration of the Lease term was impending.

[Doc. 1-1, pg. 8, ¶38].

Plaintiffs fail to show any harm because they also allege that the recipient of those "protections and security" was "one or more of the Defendants" who

occupied space in the shopping center "operating as Gold's Gym, the 'anchor tenant' for Walton Plaza." [Doc. 1-1, pg. 1, ¶1]. The occupant, either GH Walton Way or some other entity, paid the rent until May of 2019, when the rent increased by four percent. [Doc. 1-1, pg. 3, ¶11; pg. 7, ¶ 35]. Roughly seven years into the ten-year term of the Lease, Plaintiffs began discussions with the business operating the gym about renewing the Lease. [Doc. 1-1, pg. 6, ¶ 29]. Had the negotiations been successful, Plaintiffs would have renewed or entered into a new lease with the entity operating the Gold's Gym. Apparently, the parties to the negotiations could not reach mutually agreeable terms, and the operator of the gym chose to surrender the Premises. [Doc. 1-1, pg. 7, ¶31-32]. Under the circumstances as alleged in the Complaint, the only damage suffered is lost rent, the amount of which is the same whether GH Walton Way or some other entity owned the business operating the gym.

Moreover, if the Court considers the allegation of the Proposed Amended Complaint, Plaintiff actually benefitted because Defendant Smith agreed to a rent increase beginning in May of 2016. [Doc. 10-1, pg. 8 at ¶28d.] Thus, under the Proposed Amended Complaint, Plaintiffs fail to state a claim for fraud because they received more rent than they were otherwise entitled to receive. *Agbimson v. PNC Bank, NA*, No. 110CV01480JOFGGB, 2011 WL 13319453, at *5 (N.D. Ga. Jan. 7, 2011), report and recommendation adopted, No. 1:10-CV-01480-JOF, 2011

WL 13319504 (N.D. Ga. Feb. 8, 2011)(plaintiff who received benefit of the loan based on fraudulent documents failed to allege what defendant received as a result of misrepresentation).  Either way, Plaintiffs' allegations show they suffered no harm and therefore fail to allege damages.  *Chartis Ins. Co. of Canada*, *supra*.; *In re McDaniel*, 523 B.R. 895, 913 (Bankr. M.D. Ga. 2014)(a plaintiff must prove it sustained damages that were the proximate result of the defendant's fraudulent actions*)*.

*Hodges v. King Am. Finishing, Inc*., CV 612-073 (S.D. Ga. Nov. 9, 2012) and *Chemtall, Inc. v. Citi-Chem, Inc*., 992 F. Supp. 1390 (S.D. Ga. 1998), cited by Plaintiffs, do not require a different result.  *Hodges* applied lesser pleading standards to decide whether the president of a corporate defendant had been fraudulently joined.  *Chemtall, Inc*. considered whether the individual defendant had sufficient contact with the forum state for general or specific jurisdiction. Neither one held that a member or manager of a limited liability company could be held liable for fraud  by signing a document on behalf of the company.

### 3. Plaintiffs remaining claims are improperly plead and fail to state a claim against Simeone.

Simeone moved to dismiss Plaintiffs' remaining claims of fraudulent conveyance, punitive damages, attorney's fees and pointed out that Plaintiffs' vicarious liability claim only concerns Defendant Smith.  Other than opposing dismissal of the fraud claim, Plaintiffs do not make any meaningful opposition.

Accordingly, if the Court dismisses the fraud and breach of contract claims against Simeone, the remaining claims must fall too. *Oconee Fed. Sav. & Loan Ass'n v. Brown*, 351 Ga. App. 561, 576, 831 S.E.2d 222, 234 (2019)( no recovery under O.C.G.A. § 13–6– 11 if primary claim fails); *Taylor v. Powertel, Inc.,* 250 Ga. App. 356, 356, 551 S.E.2d 765, 768 (2001)(no punitive damages under a breach of contract claim); *Weprin v. Peterson*, 736 F. Supp. 1131, 1132 (N.D. Ga. 1988)(no punitive damages may be awarded under Georgia law when no actual or compensatory damages have been awarded)(citing *Daiss v. Woodbury*, 163 Ga.App. 88, 293 S.E.2d 876 (1982)).

## III.   CONCLUSION

For all the above reasons, the Court must dismiss the claims against Simeone for lack of personal jurisdiction stemming from the failure to serve Simeone within ninety days of removal. Alternatively, the Court must dismiss for failure to properly plead claims upon which the Plaintiffs can recover against Simeone**.**

Respectfully submitted this 12th day of February, 2020.

> **s/Ken Crowder, Esq**.
> Georgia Bar No. 123985
> Local Counsel for *Defendant Richard Simeone*
> Crowder Stewart LLP
> PO Box 160
> Augusta, GA 30903

- 15 -

Telephone: (706) 434-8545
Email: ken@crowderstewart.com

**/s/ J. Bertram Levy, Esq.**

Georgia Bar No. 449609
*(pro hac vice application to be filed)*
*Attorneys for Defendant Richard Simeone*
2060 Mount Paran Road, NW
FINE AND BLOCK
Suite 106
Atlanta, Georgia 30327
Telephone (404) 261-6800
Email: blevy@fineandblock.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

<u>s/Ken Crowder, Esq</u>.
Georgia Bar No. 123985
Local Counsel for *Defendant*
*Richard Simeone*
Crowder Stewart LLP
PO Box 160
Augusta, GA 30903
Telephone: (706) 434-8545
Email: ken@crowderstewart.com

<u>s/ J. Bertram Levy, Esq.</u>
Georgia Bar No. 449609
*(pro hac vice application to be filed)*
*Attorneys for Defendant Richard Simeone*
2060 Mount Paran Road, NW
FINE AND BLOCK
Suite 106
Atlanta, Georgia 30327
Telephone (404) 261-6800
Email: blevy@fineandblock.com

4815-9922-2451, v. 1