FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 24 PM 3:00
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WALTON PLAZA PROPERTIES, LLC
and WALTON PLAZA INVESTORS,
LLC,

    Plaintiffs,

v.      CV 119-117

GH WALTON WAY, LLC d/b/a
GOLD'S GYM; GGWW LLC d/b/a
GOLD'S GYM WALTON WAY
EXTENSION; AUGUSTA FITNESS,
LLC d/b/a GOLD'S GYM BOBBY
JONES EXPY.; GG EVANS, LLC
d/b/a GOLD'S GYM EVANS; NORTH
AUGUSTA FITNESS, LLC d/b/a
GOLD'S GYM NORTH AUGUSTA;
SHAUN SMITH; and RICHARD
SIMEONE,

    Defendants.

# O R D E R

Before the Court are Defendants GGWW LLC; Augusta Fitness, LLC; GG Evans, LLC; North Augusta Fitness, LLC; and Shaun Smith's (collectively, "Moving Defendants") motion to dismiss complaint (Doc. 4); Plaintiffs' motion to amend complaint (Doc. 10); and Richard Simeone's motion to dismiss complaint (Doc. 15). Mr. Simeone is the only party opposing Plaintiffs' motion to amend complaint; thus, the Court begins with his motion to dismiss complaint.

## I. DISCUSSION

**A. Mr. Simeone's Motion to Dismiss Complaint**

Mr. Simeone's first argument applies equally to either complaint because he claims the case against him should be dismissed for Plaintiffs' failure to timely effect service. (Simeone's Mot. to Dismiss Compl., Doc. 15, at 7-10; Simeone's Resp. Opp'n Pls.' Mot. to Amend Compl., Doc. 16, ¶ 3.) This Court "only has jurisdiction over the named Defendants who have been properly served." Finch v. Med. Coll. of Ga., No. CV 109-150, 2010 WL 739268, at *3 (S.D. Ga. Mar. 1, 2010) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 919 (11th Cir. 2003)).

Plaintiffs and Mr. Simeone agree as to the relevant facts regarding service. Under Federal Rule of Civil Procedure 4(m), Plaintiffs had until October 31, 2019,[1] to serve Mr. Simeone. (Simeone's Mot. to Dismiss Compl., at 10; Pls.' Resp. Opp'n Simeone's Mot. to Dismiss Compl., Doc. 24, at 2.) "Plaintiffs acknowledge that [Mr.] Simeone was not served until December 17, 2019, well beyond the October 31, 2019 deadline imposed by Rule 4(m)." (Pls.' Resp. Opp'n Simeone's Mot. to Dismiss Compl., at 2.) Proof of service was not provided to Plaintiffs' counsel until

---

[1] This suit was removed from the Superior Court of Richmond County, Georgia, on August 2, 2019, making service due by October 31, 2019. (Notice of Removal, Doc. 1); FED. R. CIV. P. 4(m).

2

January 8, 2020,[2] nor filed with the Court until February 3, 2020. (Id.; Aff. of Service.)

Plaintiffs attempt to explain the service delay by offering emails between Plaintiffs' counsel and U.S. Litigation Support Services ("LSS"), the company contracted to serve Mr. Simeone. ("Emails RE: Service," Doc. 24-1, at 3, 5). Through the emails, Plaintiffs show they initially reached out to LSS on September 5, 2019, inquiring about using LSS to serve Mr. Simeone. (Id. at 5.) Thereafter, no communication is documented until an email on December 3, 2019 — over a month after the deadline to serve had passed — from Plaintiffs' counsel to LSS providing: "Bill, we talked about this on the phone a few weeks ago. I think you said the service had been completed in Colorado but I have not seen a return of service yet. Can you let me know the status of service on this?" (Id. at 4.) Here, Plaintiffs' counsel admits they spoke with LSS where they were told "service had been completed by an unspecified date in early November at the latest." (Pls.' Resp. Opp'n Simeone's Mot. to Dismiss Compl., at 2.) There is no evidence Plaintiffs' counsel verified before the deadline whether Mr. Simeone had been served. After the December 3, 2019 email, Plaintiffs' counsel and LSS emailed multiple times until

---

[2] The proof of service cites the case as being in the wrong jurisdiction, Pitkin County, Colorado, and uses the case number from the state court action. (See Aff. of Service, Doc. 23.) The affidavit also states service was made on December 17, 2019, but the affidavit was not notarized until January 8, 2020. (Id.)

3

Plaintiffs' counsel finally received proof of service in January. (Emails RE: Service, at 1-4.)

1. Good Cause Warranting an Extension

If service is not timely made, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "Good cause exists 'only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991), *superseded in part by statute as stated in* Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005)) (upholding district court's finding of no good cause when the plaintiffs did "not show[] diligence in their efforts to serve process on the defendants" by relying on the defendant's word that he would sign and return the waiver forms without requiring proof he did so before the deadline). Courts compare good cause to the concept of "excusable neglect," requiring the party to show "good faith and a reasonable basis for noncompliance with the time set forth in the rule." Pullins v. BI-LO Holdings, LLC, NO. CV 215-162, 2016 WL 7217279, at *2 (S.D. Ga. Dec. 12, 2016) (finding no good cause when the plaintiff's reason for failing to serve was

confusion over who the proper defendants were); see also Ward v. Glynn Cty. Bd. of Comm'rs, CV 215-077, 2016 WL 4269041, at *10 (S.D. Ga. Aug. 11, 2016) (holding mistaken belief as to service requirements or rules is not good cause). "Though good cause is not defined in the rule, case law has made clear that good cause requires some diligence by [P]laintiffs and is more than inadvertence of counsel or half-hearted attempts at service." Leonard v. Stuart-James Co., 742 F. Supp. 653, 661 (N.D. Ga. 1990) (citing Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988); Braxton v. United States, 817 F.2d 238, 242 (3d Cir. 1987)).

In cases where good cause is founded on counsel's reliance on a process server, the process server provides some seemingly valid proof that the party was served, but that proof is ultimately faulty. Compare Balogun v. Pollack & Rosen, P.C., No. 1:11-CV-02028-JOF-LTW, 2012 WL 13130438, at *2 (N.D. Ga. Feb. 29, 2012) (finding good cause when process server "provided a sworn Affidavit of Service indicating that he served the [defendant]" and there was "nothing on the face of [the] Affidavit of Service that would prompt the reader to question the authenticity of the statements made therein"), and King v. Lumpkin, No. 1:11-cv-0549-WSD, 2012 WL 12888676, at *7 (N.D. Ga. Feb. 13, 2012) (counsel relied on "process server's statement that [the individual served] stated . . . that she was an agent for service for [the] [d]efendant"), with Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 84-

5

85 (3d Cir. 1987) (finding no good cause when counsel relied on process server's word but received no proof of service), Roy's 860 Flatbush Variety Corp. v. Fed. Emergency Mgmt. Agency, No. 92 CIV. 440 (CSH), 1993 WL 403986, at *3 (S.D.N.Y. Oct. 5, 2993) (counsel relied solely on "process server's assurances of prompt delivery"), and Leonard, 742 F. Supp. at 660-61 (plain from the face of the return that one defendant was not served). Ultimately, Plaintiffs "bear[] the burden of proving . . . good cause for failure to effect timely service." Lawrence v. Bank of Am. N.A., No. 1:13-cv-03557-AT-RGV, 2014 WL 12859731, at *5 (N.D. Ga. May 30, 2014) (citations and internal quotation marks omitted).

Plaintiffs only cite Lepone-Dempsey to support their claim that there was good cause for their failure to serve without attempting to distinguish Lepone-Dempsey, which found no good cause. Plaintiffs' evidence shows that it hired LSS to serve Mr. Simeone in early September; the deadline for service passed on October 31, 2019; and a few weeks before December 3, 2019, Plaintiffs' counsel called LSS to inquire about service. Even if Plaintiffs' counsel called LSS before the deadline and LSS told Plaintiffs' counsel Mr. Simeone had been served, without proof of such service, Plaintiffs' counsel would not have good cause. Regardless, Plaintiffs' counsel does not offer any proof that he contacted LSS before the deadline or had reason to believe Mr.

6

Simeone was served before the deadline. The Court finds Plaintiffs fail to show good cause for the delay.

2. <u>Other Circumstances Warranting an Extension</u>

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." <u>Lepone-Dempsey</u>, 476 F.3d at 1281. After a finding of no good cause:

> [T]the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

<u>Id.</u> at 1282. The advisory committee's note to Rule 4 explains that this "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendments; <u>see also</u> <u>Horenkamp</u>, 402 F.3d at 1132-33 (upholding district court's extension of time to serve even without good cause for the delay because statute of limitations had run). However, "the running of the statute of limitations does not require that a district court extend the time for service of process." <u>Horenkamp</u>, 402 F.3d at 1133.

Mr. Simeone was ultimately served on December 17, 2019, forty-seven days after the deadline and 137 days after removal of the case to this Court. (Pls.' Resp. Opp'n Simeone's Mot. to Dismiss

7

Compl., at 2.) Plaintiffs state there is no statute of limitations issue preventing refiling the case and no evidence Mr. Simeone evaded service. (Id. at 3.) Plaintiffs only argue the Court should exercise its discretion because "witness memories or evidence may degrade" given that the underlying events occurred in 2011 and 2013. (Id.) Plaintiffs offer no support that this warrants extending the service deadline. Further, Plaintiffs' counsel's actions show no urgency to correct the delay in service. Plaintiffs' counsel admits to believing service had been completed on "an unspecified date in early November at the latest"; yet, Plaintiffs' counsel failed to take any action at that time even though uncertain whether service was timely made, such as moving for an extension of time to serve, promptly requesting proof of service, or hiring another company to effect service and offer proof with haste. Plaintiffs' counsel did not begin pressing for proof of service until December, and efforts begun then — over a month after the deadline — do not persuade the Court an extension is warranted. Consequently, the Court lacks jurisdiction over Mr. Simeone.

**B. Motion to Amend Complaint**

The Court now turns to Plaintiffs' motion to amend complaint. Pursuant to Federal Rule of Civil Procedure 15:

> A party may amend its pleading once as a matter of course within: (A) [twenty-one] days after serving it, or (B) if the pleading is one to which a responsive pleading is

required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at 15(a)(2). "The court should freely give leave when justice so requires." Id. Furthermore, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).

Plaintiffs filed their motion to amend complaint twenty-eight days after Moving Defendants filed their motion to dismiss complaint. As such, Plaintiffs may only amend with the opposing party's written consent or the Court's leave. Moving "Defendants do not oppose Plaintiffs' [m]otion" to amend complaint. (Moving Defs.' Resp. Pls.' Mot. to Amend Compl., Doc. 12, at 1.) GH Walton Way, LLC filed nothing in response to Plaintiffs' motion to amend complaint.[3] Mr. Simeone was the only defendant who opposed

---

[3] GH Walton Way, LLC has been inactive in the litigation thus far seemingly because of lack of service. (See Acknowledgement of Service, Doc. 1-2 (submitted on behalf of all named defendants except GH Walton Way, LLC and Richard Simeone).) On February 12, 2020, Mr. Simeone pointed out this potential deficiency, but Plaintiffs have yet to acknowledge or reply to Simeone's assertion. (Simeone's Reply Supp. Mot. to Dismiss Compl., Doc. 25, at 9.)
    Even if a proper defendant, GH Walton Way, LLC does not oppose Plaintiffs' motion to amend complaint. See State Farm Mut. Auto. Ins. Co. v. Marshall, 175 F. Supp. 3d 1377, 1385 (S.D. Ga. 2016) (quoting Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").

Plaintiffs' motion to amend complaint, (Simeone's Resp. Opp'n Pls.' Mot. to Amend Compl.), however, because Mr. Simeone is no longer a party to this action, the Court finds there is no outstanding objection. Because there is no objection, the Court should freely give leave to amend, and a plaintiff should ordinarily be given at least one opportunity to amend, the Court allows Plaintiffs an opportunity to amend.

### C. Moving Defendants' Motion to Dismiss Complaint

"It is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.—Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005)) (citing Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982)); accord Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Because Plaintiffs' amended complaint supersedes their original complaint, Moving Defendants' motion to dismiss complaint is moot.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Mr. Simeone's motion to dismiss complaint based on lack of service and jurisdiction (Doc. 15) is

**GRANTED**, Plaintiffs' motion to amend complaint (Doc. 10) is **GRANTED**, and Moving Defendants' motion to dismiss complaint (Doc. 4) is **DENIED AS MOOT**. This action as against Mr. Simeone is **DISMISSED WITHOUT PREJUDICE**, and the Clerk is **DIRECTED** to **TERMINATE** Richard Simeone as a party. Plaintiffs shall file the amended complaint (Doc. 10-1) as a stand-alone entry on the docket within **SEVEN (7) DAYS** from the date of this Order. Further, Plaintiffs **SHALL SHOW CAUSE** to the Court in writing within **FOURTEEN (14) DAYS** from the date of this Order why GH Walton Way, LLC should not be dismissed without prejudice for lack of service.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of March, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA